IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEANDRE K. DAVIS,** **#Y26460,** | |
| **Plaintiff,** | Case No. 24-cv-00425-SPM |
| v. | |
| **JOHN DOE 1, and** **JANE DOE 1,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff DeAndre Davis, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff alleges that on October 12, 2023, while housed in North 2, 6 Gallery at Menard Correctional Center, he was served a breakfast tray that was contaminated with roaches. (Doc. 25, p. 6). Plaintiff informed the gallery officer and another correctional officer that roaches were crawling out of his food. Plaintiff states that inmates in his gallery, 6 Gallery, and in 8 Gallery were also complaining about bugs in the food. The gallery officer called the dietary department and requested that new food trays be delivered to the inmates. Plaintiff's new tray, however, also contained bugs. Plaintiff told the gallery officer that the food made him vomit and have headaches.

He requested to speak a member of the crisis team. The gallery officer ignored his request and "kept walking." Plaintiff contends that he could have caught food poisoning and could have died from the bad food. He states that he is afraid to eat food from the dietary department. (*Id.*).

## DISCUSSION

To survive preliminary review under Section 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The complaint must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the complaint. *Id.* at 555. And because Plaintiff brings his claims under Section 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). There is no *respondeat superior* liability Section 1983. An individual cannot be held liable solely because of his or her supervisory position.

Plaintiff has failed to state a claim for a constitutional violation against the named defendants – Correctional Officers John Doe 1 and Jane Doe 1. In the statement of claim, Plaintiff does not reference or attribute any conduct to a John Doe 1 or Jane Doe 1. Rather, he mentions various correctional officers, his gallery officer and correctional officers in 6 and 8 Galleries. It is not clear who is John Doe 1 and who is Jane Doe 1. Because Plaintiff does not clearly describe what John Doe 1 and Jane Doe 1 did or failed to do in violation of his constitutional rights, the First Amended Complaint cannot proceed and must be dismissed without prejudice for failure to state a claim.

The Court also finds that Plaintiff has not adequately pled a serious deprivation actionable under Section 1983. Generally, "[o]ccasional instances of food or water contamination in prison

will not support a claim of deliberate indifference to conditions of confinement under the Eighth Amendment." *Olrich v. Kenosha Cty.,* N. 18-cv-1980-pp, 2020 WL 1169959, at *3 (E.D. Wisc. Mar. 11, 2020) (citing *McRoy v. Aramark Correctional Servs., Inc.*, 268 F. App'x 479 (7th Cir. 2008) (no deliberate indifference where inmate was served undercooked chicken on one occasion, sour milk on six occasions, and spoiled sandwich meat on three occasions, where inmate was offered replacement items when available, and no further incidents occurred); *Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (concluding that one instance of food poisoning was insufficient to state conditions-of-confinement claim); *Hadley v. Dobucki*, 59 F.3d 173, 1995 WL 364225 (7th Cir. 1995) (occasional "foreign objects" such as aluminum foil in prison food did not state an Eighth Amendment claim)). Plaintiff's allegation that on a single occasion he was given food contaminated with bugs does "not rise to the level of a constitutional violation." *Jackson v. Lang*, No. 9 C 5123, 2010 WL 3210762, at *1 (N.D. Ill. Aug. 10, 2010) ("one incident of finding rodent parts in a meal, though most unfortunate, does not" violated the Eighth Amendment).

For these reasons, the First Amended Complaint is dismissed. The Court has already given Plaintiff an opportunity to replead his claims, and he has again failed to state a claim upon which relief could be granted. At this point, the Court does not believe that additional allegations would cure the defects of his claims and finds that any further amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Therefore, the First Amended Complaint and this entire case will be dismissed with prejudice.

## DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as one of Plaintiff's three "strikes" under 28 U.S.C. §1915(g).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   November 5, 2024

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**